IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL LAFOGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:11-CV-1102-TMH |
| ) | [WO] |
| OFFICER KEVIN CHANCE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Covington County Jail located in Andalusia, Alabama. He filed this 42 U.S.C. § 1983 action on December 23, 2011. He complains that there is no valid basis for the criminal charges filed against him by Defendants and that he has been falsely imprisoned. Plaintiff also contends that Defendants subjected him to excessive force during a custodial interrogation. Upon review of the complaint, the court concludes that dismissal of Plaintiff's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. DISCUSSION**

Plaintiff complains that Defendants issued false charges against him which have resulted in his being falsely imprisoned. To the extent that Plaintiff claims that there is no valid basis for his current incarceration on criminal charges pending before the state courts in Covington County, Alabama, because he is innocent of the charges lodged against him, such a claim may not proceed in this § 1983 action. It appears from a review of the instant

complaint that the criminal charges about which Plaintiff complains are presently pending before the state courts of Covington County, Alabama. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."

The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff may vindicate his constitutional rights in the on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's claims which challenge the constitutionality of the criminal charges pending against him as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, summary dismissal of the false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's false imprisonment claim against the named Defendants be

DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

2. This case with respect to Plaintiff's remaining claim against Defendants – *i.e.,* the excessive force claim – be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 14, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of February, 2012.

                      /s/ Susan Russ Walker
                      SUSAN RUSS WALKER
                      CHIEF UNITED STATES MAGISTRATE JUDGE